IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN TRUJILLO,

    Plaintiff,

v.                                                                                              No. CIV-05-1202 LH/RLP

STANLEY MOYA, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. The initial partial payment will be waived, and, for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names seven Defendants and asserts two claims arising from prison disciplinary proceedings. The first claim is based on allegations that, during or after an incident in the medical clinic, Plaintiff stated his intention to file a malpractice grievance against Defendant (Doctor) Breen.

Defendant Breen filed a misconduct report against Plaintiff. Plaintiff was found guilty of the misconduct charges in formal disciplinary proceedings. For his second claim, Plaintiff alleges that Defendant Page, a corrections officer, issued a false misconduct report against him in retaliation for grievances that Plaintiff had filed. Plaintiff again was found guilty of misconduct. Certain of his good time credits were forfeited, and he was placed in administrative segregation, denied recreation privileges, and assigned a higher classification. Plaintiff claims that Defendants' actions violated his rights under the First Amendment and the Due Process Clause. For relief he seeks restoration of forfeited and unearned good time credits "and the sum of eighty dollars."

Plaintiff's claims under 42 U.S.C. § 1983 for restoration of good time credits must be prosecuted under habeas corpus statutes. "We have previously determined issues concerning prison disciplinary proceedings, including revocation of good time credit, are properly adjudicated under 28 U.S.C. § 2241." *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at **1 (10th Cir. Oct. 30, 2000) (citations omitted). These claims will be dismissed without prejudice to Plaintiff's right to prosecute these claims under habeas corpus statutes.

Likewise, Plaintiff's claims for damages based on allegations of retaliation may not pursued under § 1983 at this time. Plaintiff alleges that Defendants Breen and Page executed false misconduct reports against him in retaliation for filing grievances. "[A]llegations that false charges were brought in retaliation for exercise of an inmate's right of access to the courts or to other legal procedures are cognizable under § 1983." *Northington v. McGoff*, No. 91-1252, 1992 WL 149918, at *4 (10th Cir. June 25, 1992) (citations omitted). On the other hand, a determination by this Court that Plaintiff's disciplinary convictions resulted from false allegations "would necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying the

rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994)).  His damages claims for retaliation, therefore, are "not cognizable under § 1983," *Edwards*, 520 U.S. at 648, unless his " 'conviction or sentence has been [overturned],' " *id.* at 646 (quoting *Heck*, 512 U.S. at 486-487)).

Plaintiff also alleges that the disciplinary hearing officers simply concurred ("co-conspiring") with the false misconduct reports, violated policies, and ignored exculpatory evidence, in violation of his rights of procedural due process. Here again, a judicial determination in favor of Plaintiff on these allegations "would necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards*, 520 U.S. at 646.  His § 1983 due process claims thus are no more cognizable at this time than his retaliation claims.  Nor are his due process claims supported by allegations that supervisory officials improperly denied his grievances.  *See Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Plaintiff's retaliation and due process claims will be dismissed without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, pending motions are DENIED as moot, and judgment will be entered.

s/Electronically signed by Hon. C. LeRoy Hansen
SENIOR UNITED STATES DISTRICT JUDGE
